# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DIANA L. MCMILLIAN | * |
| v. | * Civil No. JKS-10-2656 |
| MICHAEL J. ASTRUE<br>Commissioner of Social Security | * |

## MEMORANDUM OPINION

Plaintiff Diana L. McMillian brought this action pursuant to 42 U.S.C. § 405 for review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) under the Social Security Act (the Act). Both parties' motions for summary judgment and McMillian's alternative motion for remand are ready for resolution and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons set forth below, McMillian's motion for summary judgment or remand will be denied, and the Commissioner's motion for summary judgment will be granted.

## 1. Background.

McMillian applied for DIB on May 16, 2007, alleging an onset of disability of March 30, 2007. (R. 53). Her application was denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on May 12, 2009, and then again on September 16, 2009, at which McMillian was represented by counsel. (R. 53). On September 30, 2009, the ALJ found that McMillian was not disabled within the meaning of the Act (R. 50). On August 24, 2010, the Appeals Council denied McMillian's request for review, thus making the ALJ's determination the Commissioner's final decision.

## 2. ALJ's Decision.

The ALJ evaluated McMillian's claim using the five-step sequential process set forth in

20 C.F.R. § 404.1520. First, the ALJ determined that McMillian has not engaged in substantial gainful activity since March 30, 2007, the alleged onset date. At step two, the ALJ concluded that McMillian suffers from lumbar disc disease. (R. 55). At step three, the ALJ determined that McMillian does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 56). At step four, the ALJ found that McMillian has the residual functional capacity (RFC) to perform light work with the option to sit and stand at will. She also can never climb ladders, ropes, or scaffolds, can no more than occasionally climb ramps or stairs, and cannot be exposed to extreme cold or humidity. (R. 56). The ALJ then determined that McMillian is capable of performing past relevant work as a data entry operator. (R. 60). The ALJ also consulted with a vocational expert (VE) to determine that given McMillian's limitations, jobs exist in significant numbers in the national economy that she can perform. (R. 62). As a result, the ALJ concluded that McMillian is not disabled within the meaning of the Act. (R. 62).

3. **Standard of Review.**

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co, v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays v. Sullivan*, 907 F.2d 1453, 1456

(4th Cir. 1990). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

**4. Discussion.**

McMillian poses four allegations of error. She claims that the ALJ: failed to follow the treating physician rule; erred in determining that she could return to her past relevant work; erred in formulating the hypothetical question to the VE; and failed to consider all of her impairments.

A. The ALJ properly evaluated the opinions of McMillian's treating physicians.

McMillian argues that the ALJ erred in rejecting her treating physicians' opinions without proper justification. Specifically, she cites the opinions of Drs. Scott, Lippman, Macht, and Hanley, and her physical therapists.

An ALJ must consider the medical opinions in a claimant's record together with the rest of the relevant evidence. 20 C.F.R. § 416.927(b). While the ALJ must generally give more weight to a treating physician's opinion, *see* 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), where a treating physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). The ALJ is not required to give controlling weight to a treating physician's opinion on the ultimate issue of disability. 20 C.F.R. § 404.1527(e); SSR 96-5p.

McMillian argues that the ALJ erred in rejecting Dr. Scott's opinion. Dr. Scott stated that McMillian was unable to work from at least August 21, 2008, to August 21, 2009, and had marked restrictions of activities of daily living and frequent difficulty maintaining concentration, persistence, or pace. (R. 508). Dr. Scott's opinions, however, were inconsistent with his own treatment and other substantial evidence on the record. Dr. Scott noted that McMillian did not suffer from a mental illness. (*Id.*). Despite having prescribed only Ibuprofen, Dr. Scott opined

that McMillian could sit only for two hours out of an eight hour workday, stand for one hour and walk for twenty minutes, lift no more than ten pounds, lift no weight frequently, and not use her hands for repetitive pushing. He diagnosed her with lumbar disc disease, arthritis in her left hip, and limitations so severe that she would be unable to perform any work. (R. 506). As the ALJ noted, there is no evidence to support the arthritis diagnosis. (R. 56). Moreover, the ALJ noted that Dr. Scott had found McMillian disabled since November 17, 2005, the date of the injury, even though she had continued to work after that date and was only under his care since August 21, 2008. (R. 59-60).

Dr. Scott's opinions were also inconsistent with other medical evidence. For example, one of McMillian's treating physicians, Dr. Lancelotta, reported that each of her examinations remained relatively benign and that she should be able to return to work. (R. 457–67). Similarly, in July 2007, Dr. Hanley found that McMillian had a 12% impairment and could work in a job that would allow her to get up and move about to relieve her pain. (R. 442). Further, during her last physical therapy session, McMillian was ten times able to push and pull a sled loaded with 40 pounds for 20 feet. (R. 437).

McMillian also argues that the ALJ erred in rejecting Dr. Lippman's opinion that she was not fit for her sedentary data entry position and had a guarded prognosis. The examinations describing McMillian's prognosis as guarded and labeling her not fit to return to duty occurred prior to the alleged onset date and are at odds with Dr. Lancelotta's June 2, 2006, opinion that she is capable of returning to work, (R. 484–95), as well as Dr. Hanley's opinion. Dr. Lippman's more recent December 10 and 12, 2008, reports do not state that McMillian is not fit to return to work. (R. 482).

4

McMillian next argues that the ALJ erred in failing to address the opinions of Dr. Macht. The ALJ is not required to comment on every piece of evidence in the record. Dr. Macht's opinions were mostly duplicative of Drs. Lancelotta's and Hanley's findings. Dr. Macht found that McMillian complained of moderate back pain with some tenderness and palpitation, but no weakness, and that she had "a 12% impairment of the whole person." (R. 452). Similarly, Dr. Lancelotta found that McMillian complained of back pain, but consistently denied any weakness, and noted that her overall examination findings were benign. (R. 324, 326). Dr. Hanley also diagnosed McMillian with 12% impairment. (R. 442, 453).

Lastly, McMillian argues that the ALJ failed to consider Dr. Hanley's finding that she cannot perform a sedentary job. (R. 442). The ALJ, however, considered this finding in requiring a sit/stand option. (R. 56, 58-59). Dr. Hanley opines that McMillian could perform a job that allows her to get up and move about to relieve pain. (R. 442).

B. The ALJ properly determined that McMillian can do her past relevant work.

McMillian claims that the ALJ erred in finding that she can return to her past relevant data entry position. She argues that the ALJ failed to perform a mental RFC assessment in reaching his decision, erred in finding that she could do light work with an option to sit or stand at will, failed to define the frequency of the sit/stand option, and erred in proceeding to step 5 of the sequential evaluation process.

The ALJ found that McMillian did not suffer from a mental impairment. In reaching this decision, the ALJ acknowledged some indication of intermittent depression, but noted that no doctor had ever diagnosed a mental impairment. (R. 55). McMillian had sought spiritual counseling, but discontinued it after a few sessions. McMillian argues that the ALJ failed to consider Dr. Scott's assessment that she had significant problems with pain, mental alertness,

5

concentration, and persistence. (R. 503). Dr. Scott, however, found that McMillian did not suffer from mental illness. (R. 508). Although McMillian alleged two instances in which she went to the emergency room for psychiatric reasons, she was unable to obtain any records to support these allegations and did not allege sustained medications for mental health issues. (R. 30-31). No objective evidence supports a mental impairment finding.

The ALJ found that McMillian can perform a range of light work so long as she has an option to sit and stand at will, does not climb ladders, ropes, or scaffolds, only occasionally climbs ramps or stairs, and is not exposed to extreme cold or humidity. (R. 56). McMillian cites Dr. Scott's opinions in arguing that this finding is unsupported by any physician, but the ALJ properly rejected those opinions based on the findings of the other physicians. Dr. Lancelotta believed that she could return to her past work. (R. 318). Dr. Hanley found that she could return to a job that allowed her to get up and move about. (R. 442). Dr. Serpick opined that she was capable of occasionally lifting 20 pounds, frequently lifting 10 pounds, and standing or walking 6 hours in an 8-hour workday. (R. 445). The state agency physician gave her the same lifting limitations and believed that she could stand or walk at least 2 hours and sit about 6 hours in an 8-hour day. (R. 472).

McMillian's claim that the ALJ failed to give specific time duration for the sit/stand option also is without merit. The ALJ stated that she must be able to sit and stand at will. (R. 56). As a result, McMillian has the option to sit or stand whenever she chooses to do so. In addition, her claim that she is only able to sit for 15 minutes was rendered incredible when she sat for at least 50 minutes during her hearing. (R. 38).

McMillian next argues that the ALJ erred in finding that she could perform past relevant work and then finding in the alternative that there were other positions that she could perform.

6

Nothing in the sequential evaluation process precludes the ALJ from making such alternative findings.

   C. The ALJ properly questioned the VE.

The ALJ's hypothetical question to the VE must include all of the claimant's impairments. *Walker v. Bowen,* 889 F.2d 47, 50 (4th Cir. 1989). The question, however, need include only those limitations that the ALJ deems credible. *See English v. Shalala,* 10 F.3d 1080, 1085 (4th Cir. 1993). In this case, the ALJ properly did not find Dr. Scott's impairments credible, and therefore, did not have to include them. In addition, an inability to perform sedentary work does not necessarily mean that a person is unable to perform light work. *See* 20 C.F.R. § 404.1567 (noting that a person may be able to do light work but not sedentary work if they are unable to sit for long periods of time). The hypothetical posed to the VE included all of McMillian's credible impairments.

   D. The ALJ properly considered McMillian's impairments.

McMillian argues that the ALJ erred in not considering the possible combined effects of her alleged anemia, depression, arthritis, hypokalemia, and hepatitis C. However, the record contains insufficient evidence to support a finding of these impairments. She takes no medication for them, (R. 17), nor has a doctor diagnosed her with them. (R. 55-56). Specifically, the ALJ cited a December 13, 2006, x-ray finding no abnormalities and Dr. Hanley's finding that she has no specific impairment of the right lower extremity. The ALJ also noted that Dr. Scott's diagnosis of degenerative arthritis in her right hip, (R. 502), is unsupported by any objective evidence and even Dr. Scott only classified it as 3% impairment. (R. 453).

**5. Conclusion.**

For the foregoing reasons, McMillian's motion for summary judgment or remand will be denied, and the Commissioner's motion for summary judgment will be granted.

Date:__August 11, 2011__                           _____/S/_____
                                                   JILLYN K. SCHULZE
                                                   United States Magistrate Judge